UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY BROCKERMAN,<br><br>Defendant. | Case No. 25-cr-133 (RDM) |

**STATEMENT OF OFFENSE IN SUPPORT OF
DEFENDANT TIMOTHY BROCKERMAN'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this Statement of Offense in Support of Defendant Timothy Brockerman's Plea of Guilty to Count One of the May 8, 2025, Indictment, charging him with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

**I.  The Penalties**

A violation of 18 U.S.C. § 2423(b) carries a maximum sentence of 30 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of any term of years not less than 5 years, or life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.  The Elements of the Offense**

The defendant is pleading guilty to Count One of the May 8, 2025, Indictment (ECF No. 10), which charges him with a violation of 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct). The essential elements of the offense, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are that:

1. The defendant traveled in interstate commerce; and

2. The defendant did so with the intent of engaging in sexual activity for which any person can be charged with a criminal offense.

A defendant violates 18 U.S.C. § 2423(b) "even if the defendant is mistaken in believing that an actual child is involved." *See United States v. Lieu*, 963 F.3d 122, 127 (D.C. Cir. 2020).

### III.    Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it contains representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

Leading up to April 21, 2025, an on-line covert employee ("OCE") with the Federal Bureau of Investigation Washington Field Office's Child Exploitation and Human Trafficking Task Force entered a public KIK[1] group that that was known to the OCE as a place where people meet to discuss and trade original images and videos of children. Upon entering the group, the UC introduced himself and stated that he was a "dad." A member of the group using the KIK display name "Dr.BrockJr" who was later identified as the defendant, Timothy Brockerman, initiated a private chat with the OCE. During the private chat, the defendant stated, "I am not a dad how old is your daughter?" The OCE told the defendant that his purported daughter was 6 years old. The defendant stated that he had a sexual interest in incest, young, and beast.[2]

---

[1] KIK is a free instant messaging mobile application that allows users to communicate in a group or private chat. Users can send and receive video and image files.
[2] The word "beast" is short for "bestiality," which means having a sexual interest in animals.

During the private chat with the OCE, the defendant discussed the OCE's purported daughter stating, "I would eat ur lil pussy make it good and wet then slid my cock in, opening ur up slow." The OCE told the defendant that he resides in Washington, D.C. and that he has shared custody of his purported daughter. The defendant stated that he lives close to Herndon, Virginia. The OCE asked the defendant, "what's the youngest u played with?" and the defendant responded that, when he was a minor, he previously sexually abused a family member. The defendant also stated, "when I was 7 I fucked a neighbor boy in the ass, I think he was my age."

The OCE sent the defendant an image of his purported daughter.[3] The defendant told the OCE that he was interested in meeting the OCE at his home for purposes of engaging in sexual activity with the OCE's purported daughter. Referring to the purported child, the defendant stated, "I would fuck her with a rubber," and "damn I really want to unload deep as I can inside her." Later in the chat, the defendant stated, "no I mean the first time I come over I use a rubber, second time I creampie her lil pussy."

The defendant then discussed with the OCE his plan to travel the District of Columbia in order have vaginal intercourse with the OCE's purported 6-year-old daughter. During the conversation, the defendant inquired about parking and told the OCE that he would be driving a Ford Ranger truck.

The defendant provided the OCE with his mobile phone number and began texting the defendant on his mobile phone at cellular number 571-316-XXXX. During the text conversation, the defendant confirmed that he planned to travel from Virginia to the District of Columbia at approximately 11:00 a.m. on Tuesday, April 29, 2025, to have sexual intercourse with the OCE's

---

[3] The image sent by the UC did not depict a real child or sexual abuse material.

purported 6-year-old daughter. The defendant stated, "If I can be there earlier I will let uk... Like to have as much time as possible so she can ride my cock as long as she wants."

During the text conversation with the OCE, the defendant sent the OCE two photos of depicting his chest and stomach, which revealed a protruding hernia. The defendant stated to the OCE, "I got a hernia, looks gross to me but it don't hurt so she don't have to worry."

Brockerman resides in Herndon, Virginia.. On April 29, 2025, the defendant traveled from his home in Virginia and met the OCE at a pre-arranged location in the 500 block of H Street, N.W., in Washington, D.C., where he was placed under arrest.

Following his arrest, the defendant waived his *Miranda* rights and agreed to a voluntary custodial interview. During the interview, the defendant admitted that he traveled to the District of Columbia with the intent to having vaginal sex with the 6-year-old daughter of a man he had met on a social media application. The defendant further admitted that he had previously had sexual intercourse with minors on at least two occasions, when he was also a minor.

Law enforcement seized a Motorola Moto G Pure cellular phone with serial number ZY22DLWJ7N, from the defendant when he was arrested. The phone contained four videos and four images that included child sexual abuse material. In addition, the phone contained KIK chats and text messages between the defendant and the OCE and the device had the applications KIK and Telegram loaded onto it, with the usernames Dr.BrockJr. (Kik) and @Timmay8666 (Telegram). Finally, the device contained several chats that appeared to discuss the sexual abuse of children with other individuals including a chat on KIK with user Stonedfairy111, during which the defendant discussed getting the other user pregnant and abusing their future daughters starting at age 6; a chat with user Mistybluesmith, during which the defendant stated, "if u were my daughter I wold have started fucking u at 6"; a chat with user Lilahhh150, during which the

defendant discusses having daughters and the defendant states that when they turn 6 "they will get used like fuck toys"; and a chat with user flannelthepup, during which the defendant states that he was tested for sex addiction in the Marine Corps and claimed that he tried therapy but "it didn't help."

Respectfully submitted,

*Rachel Bohlen*

Rachel Bohlen
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 09/18/2025              *Timothy Brockerman*
                              Timothy Brockerman
                              Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 09/18/2025              *Christopher Mutimer*
                              Christopher Mutimer, Esq.
                              Attorney for Defendant Timothy Brockerman